HARRY B. TULLY *v.* WILLIAM H. HOLMES, ET AL.

**Conveyance to Defraud Creditors.**

Where it is charged, in a suit against one receiving a deed from a grantor who conveyed his land to defraud his creditors, that the grantee knew of his fraud, and the facts are that such grantee did know that his grantor was a fugitive from justice and helped him to get away, such grantee, to protect his title, must show his good faith purchase and the payment by him of a valuable and adequate consideration, without notice of the circumstances surrounding such sale.

APPEAL FROM FRANKLIN CIRCUIT COURT.

October 26, 1877.

OPINION BY JUDGE LINDSAY:

Osborne's creditors charge that he sold his lands to Tully for the fraudulent purpose of hindering and delaying them in the collection of their debts, and that Tully knew, or had reasonable grounds to believe, that such was his intention, and he therefore was a participant in the fraud.

That Osborne did intend to flee the commonwealth, and that the steps taken and the sales made by him were calculated wholly to defraud his creditors, is a proposition too well established to admit of controversy.

Tully may not have been advised of the fact that he was indebted, but he knew he was a fugitive from justice and was preparing to abandon permanently his residence in Kentucky. He knew he was selling his property for this purpose, and also that he was selling all the property he owned. He voluntarily gave aid and assistance to an escaping felon, and took no steps whatever to ascertain whether in doing so he would prejudice the rights of such felon's creditors. The legal title to the land was passed to him pursuant to an illegal contract. He may hold it against his grantor and those claiming under him as volunteers, but when he seeks with that title to protect the estate against the claims of the grantor's creditors he must meet the prima facie case of fraud, by showing good faith on his part and the payment by him, without notice of the circumstances heretofore detailed, of a valuable and reasonably adequate consideration.

This he fails to do, and on the other hand the appellees make out a state of case justifying the conclusion that he not only did not act in good faith, but that he had actual notice of all the circumstances connected with the flight of Osborne, and of the motives which induced him to sell.

The judgment sufficiently designates and fixes the day on which the property is to be sold. Said judgment is *affirmed*.

*W. S. Darnaby, for appellant. A. Duvall, for appellees.*